**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

LATONYA YVETTE WILLIAMS,

     DEBTOR

CHAPTER 13
CASE NO.: 26-30123

## <u>AMENDED NOTICE OF OPPORTUNITY FOR HEARING</u>

TAKE NOTICE that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("<u>Santander</u>"), by and through counsel, has filed papers with the Court to seek relief from the automatic stay. A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

<u>**Your rights may be affected**</u>**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief from the automatic stay, or if you want the Court to consider your views on the motion, then on or before 14 days from the date of this Notice, you or your attorney must do three things:

1. **File with the Court a written response <u>requesting that the Court hold a hearing</u> and explaining your position. File the response at:**

   U.S. Bankruptcy Court
   Western District of North Carolina
   401 West Trade Street, Suite 2500
   Charlotte, NC 28202

   If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

   Eudora F. S. Arthur
   Womble Bond Dickinson (US) LLP
   555 Fayetteville Street, Suite 1100
   Raleigh, NC 27601
   *Attorney for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

3. **Attend the hearing scheduled for May 19, 2026 at 11:00 a.m**. at:

U.S. Bankruptcy Court
Western District of North Carolina
401 West Trade Street, Courtroom 2A
Charlotte, NC 28202

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:  April 27, 2026                    WOMBLE BOND DICKINSON (US) LLP

By:      /s/ Eudora F. S. Arthur
         Eudora F. S. Arthur (NC Bar No. 59854)
         555 Fayetteville Street, Suite 1100
         Raleigh, NC 27601
         Phone: (919) 755-2178
         Email: Dorie.Arthur@wbd-us.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

--------------------------------------------------------- x
In re:                                           :
                                                 :     Chapter 13
LATONYA YVETTE WILLIAMS,                          :
                                                 :     Case No.: 26-30123
                              Debtor.            :
                                                 :
--------------------------------------------------------- x

### **AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Santander shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      On Janaury 30, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.      On or about January 31, 2025, Santander extended a loan to LaTonya Yvette Williams (the "Debtor") to finance the purchase of a 2014 BMW 3 SERIES, VIN No. WBA3B5G56ENS10941 (the "Vehicle").

WBD (US) 54893851v1

4.      In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Santander in the principal amount of $24,152.27 (the "Contract"). A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

5.      Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").  A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B**.

6.      Debtor is currently due for August 2025 and has made no payments since the filing of the Chapter 13 Case.

7.      The balance owed as of the Petition Date is $16,441.39.

8.      On or about February 3, 2026, the Debtor filed her Chapter 13 Plan (the "Plan"), whereby the Debtor seeks to surrender the Vehicle to Santander.  Movant repossessed the Collateral on January 8, 2026, prior to the Petition Date.

9.      Upon information and belief, the value of the Vehicle is approximately $12,113.00.

10.     Based on the forgoing, Santander seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

### **BASIS FOR RELIEF**

(a)     Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)     for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

11.     As a result of the Debtor's default under the Contract, Santander is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Santander's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as evidenced by Debtor's desire to surrender the Vehicle.

12.     Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

13.     If Santander is not granted relief from stay and permitted liquidate the Vehicle, then Santander will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

14.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

15.     A proposed order granting the Motion is attached hereto as **Exhibit C**.

WHEREFORE, Santander prays for the Court to grant the following relief:

1.     To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow Santander to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.     To award Santander reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.　　　To grant such other and further relief as the court deems just and appropriate.

Dated:  April 28, 2026　　　　　　　　　　WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> LaTonya Yvette Williams
> 2925 Parkwest Drive
> Albemarle, NC 28001
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Kimberly A. Sheek
> *Attorney for Debtor*
>
> Jenny P. Holman
> *Chapter 13 Trustee*
>
> Shelley Abel
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and

correct. Dated: April 28, 2026

WOMBLE BOND DICKINSON (US) LLP

By:   /s/ Eudora F. S Arthur
      EUDORA F. S. ARTHUR
      NC State Bar Number 59854
      555 Fayetteville St., Suite 1100
      Raleigh, NC 27601
      Telephone: (919) 755-2178
      dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

EXHIBIT A

# CarMax

## Consumer Credit Sale

Contract Number _____
Contract Date ____01/31/2025____

In this Contract, the words "you" and "your" mean anyone signing this Contract as a Buyer or Co-Buyer. The words "we", "us", and "our" mean the Seller or anyone to whom the Seller transfers its rights under this Contract. You understand that you may buy the Vehicle described below for cash or credit. By signing this Contract, you choose to buy the Vehicle on credit under the terms and conditions on all pages of this Contract. If there is a Buyer and a Co-Buyer, you are each individually liable to us for any amount due under this Contract.

| | Name | Address | Zip Code |
|---|---|---|---|
| Seller | CarMax Auto Superstores, Inc. | 7700 KREFELD DR. | CHARLOTTE, NC 28227 |
| Buyer | LATONYA YVETTE WILLIAMS | 2925 PARKWEST DR | ALBEMARLE, NC 28001 |
| Co-Buyer | N/A | N/A | N/A |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 1,500.00 |
|---|---|---|---|---|
| 23.79 % | $ 13,285.17 e* | $ 14,678.91 | $ 27,964.08 e* | $ 29,464.08 e* |

| Your Payment Schedule will be: | | *e means an estimate |
|---|---|---|
| Number of Payments | Amount of Payments | When Payments are Due |
| 72 | $ 388.39 | Monthly, beginning 03/17/2025 |

**Security.** You are giving a security interest in the motor vehicle being purchased.

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $18.00.

**Prepayment.** If you pay amounts owed under this Contract early, you will not have to pay a penalty.

**Additional Information.** See the remainder of this Contract for additional information about nonpayment, default, any required repayment in full before the scheduled due date, prepayment refunds, and security interests.

**Optional GAP Waiver Agreement (GAP contract).** A GAP contract is a debt cancellation agreement. It is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. The charge for a GAP contract is in item D.1. Your GAP contract is a part of this Contract. See your GAP contract for details on the protection it provides.

Term _____N/A_____ (in months)

I want the optional GAP contract.

Buyer Signs: _____N/A_____

You agree to buy and we agree to sell you the following Vehicle:

Year/Make/Model 2014 BMW 328
VIN WBA3B5G56ENS10941
New _____ Used ____X____

The primary purpose and use for which you are purchasing the Vehicle is:
Personal, Family, or Household ____X____
Business or Commercial _____ Agricultural _____

As part of this transaction, you sold the following vehicle(s) to Seller as a "Trade-In":

Year/Make/Model N/A
VIN N/A

Year/Make/Model N/A
VIN N/A

### YOUR PROMISE TO PAY

You agree to pay us the Amount Financed and Finance Charge provided for in this Contract according to the Payment Schedule above. This is a simple finance charge contract. This means we will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. The Finance Charge, Total of Payments, and Total Sale Price shown above are based on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Also, if you pay late it is likely that your final payment will be larger than originally scheduled. You must make your payments to the Seller at the address shown above. If this Contract is transferred, you agree to make your payments to the subsequent holder of this Contract (Assignee) at the address provided by the Assignee or Seller.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| **A. CASH PRICE** | | |
| 1. Cash Price of Vehicle | $ | 14,998.00 |
| 2. Cash Price of CarMax Accessories | $ | 0.00 |
| 3. CarMax Processing Fee | $ | 599.00 |
| 4. Sales / Excise Tax | $ | 467.91 |
| 5. Other: N/A | $ | 0.00 |
| 6. Other: N/A | $ | 0.00 |
| 7. Total Cash Price [1 through 6] | $ | 16,064.91 |
| **B. DOWNPAYMENT** | | |
| 1. Cash Downpayment | $ | 1,500.00 |
| 2. Manufacturer's Rebate | $ | 0.00 |
| 3. Credit From "Trade-In" Sold to CarMax | | |
| a. Value of "Trade-In" | $ | 0.00 |
| b. Proceeds from "Trade-In" Retained by Buyer | $ | 0.00 |
| c. Pay-Off of "Trade-In" | $ | 0.00 |
| d. Net Value of "Trade-In" [a minus b minus c, if negative, enter "0" and see line D.4. below] | $ | 0.00 |
| 4. Other: N/A | $ | 0.00 |
| 5. Total Downpayment [1 through 4] | $ | 1,500.00 |
| **C. UNPAID BALANCE OF CASH PRICE [A minus B]** | $ | 14,564.91 |
| **D. OTHER CHARGES INCLUDING AMOUNTS PAID TO OTHERS ON YOUR BEHALF** | | |
| 1. Optional GAP Waiver Agreement | $ | 0.00 |
| 2. To Public Officials | | |
| a. NC Registration Fees | $ | 46.25 |
| b. NC Title Fee | $ | 66.75 |
| c. NC Temp Tag Fee | $ | 1.00 |
| d. N/A | $ | 0.00 |
| e. N/A | $ | 0.00 |
| f. N/A | $ | 0.00 |
| g. N/A | $ | 0.00 |
| h. N/A | $ | 0.00 |
| 3. To N/A * for Optional Extended Service Contract | $ | 0.00 |
| 4. To N/A for Pay-Off of the "Trade-In" where Pay-Off exceeds value of "Trade-In" [B(3)(c) minus B(3)(a)] | $ | 0.00 |
| 5. Total of Other Charges and Amounts Paid to Others on Your Behalf [1 through 4] | $ | 114.00 |
| **E. AMOUNT FINANCED [C plus D]** | $ | 14,678.91 |

*Seller may retain a portion of this amount.

This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 1. By initialing below you represent that you have read and agree to all provisions on all pages.

Buyer's Initials _____    Co-Buyer's Initials _____

# RETAIL INSTALLMENT CONTRACT
## Other Important Agreements

**Your Representations.** You promise that you have given true and correct information in your credit application. You understand that in entering this Contract we have relied on the representations you have made to us. Upon request, you agree to provide us with documents and other information necessary to verify any item contained in your credit application.

**Applicable Law.** Federal law and the law of the State of North Carolina apply to this Contract. If any provision is not valid, all others stay valid to the extent allowed by applicable law.

**Late Charge.** You will pay a late charge as described in the Late Charge section on Page 1 of this Contract.

**Returned Check Charge.** You will pay a processing charge of $35 for any payment made by check that your financial institution refuses to pay because of insufficient funds or the lack of an account.

**Care, Use, and Location of the Vehicle.** You agree to pay us all you owe under this Contract even if the Vehicle is damaged, destroyed, or missing. You agree to keep the Vehicle in good condition and repair. If there is any loss or damage to the Vehicle, you will give us prompt written notice of the loss or damage. You agree not to use the Vehicle for hire or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract. You agree that you will not permit the Vehicle to be used in any illegal manner or expose the Vehicle to misuse, seizure, confiscation, or involuntary transfer. The Vehicle will be kept at the address you provided to us in this Contract as shown on Page 1. You agree to notify us in writing of any change in your address or the location at which the Vehicle is regularly located. You are not allowed to remove the Vehicle from the United States. You may, however, take the Vehicle to Canada as long as it is for a period of 30 days or less.

**Insurance Requirements.** You agree to have physical damage insurance covering loss or damage to the Vehicle as long as amounts are owed under this Contract. The insurance must have comprehensive, collision, fire, and theft coverage in amounts acceptable to us and with the minimum available deductible. All required insurance must be with a properly licensed insurer reasonably acceptable to us and must name us as an additional insured and loss-payee. You agree to give us evidence of all required insurance promptly upon request. You agree that any insurance proceeds payable due to damage or loss of the Vehicle will be paid directly and solely to us. At our choice, we may use the insurance proceeds to repair the Vehicle or to pay amounts owed under this Contract. You agree that we may settle any insurance claim or sign any insurance checks on your behalf as necessary and if allowed by law.

**Failure to Maintain Insurance.** If you fail to maintain the required physical damage insurance, we may buy it for you. At our choice, the insurance we buy may only cover our interest in the Vehicle and be limited to what you owe under this Contract at the time. This means the insurance we obtain may not cover your interest in the Vehicle or any loss that you incur. We will charge you for any insurance we purchase. The insurance we buy may cost more than the insurance you could buy on your own. The charge for the insurance will be the amount advanced for it and a finance charge at the Annual Percentage Rate shown on Page 1 of this Contract or, if less, the highest rate allowed by law.

**Security Interest.** You give us a security interest in the Vehicle, any proceeds received for the Vehicle, and any accessories, equipment, and replacement parts installed on the Vehicle. You also give us a security interest in any insurance, service, or other contracts we finance for you and all proceeds from any insurance, service, or other contracts on the Vehicle, including refunds of premiums or charges from the contracts we finance for you. The security interest you are giving us secures all amounts owed by you under this Contract and all the other agreements you have made in this Contract.

**Optional Service or GAP Contracts.** This Contract may contain charges for an optional service or GAP contract. If you are in default under this Contract, you agree that we may claim benefits under any optional contract or cancel it to obtain a refund for unearned charges and reduce amounts you owe. If you cancel an optional contract, you authorize us to receive any refund for unearned charges and apply it to what you owe under this Contract.

**"Trade-In" and Downpayment.** You promise that you own and have valid title to any vehicle you sold to us as a "Trade-In." You represent that any "Trade-In" vehicle is free from any lien or security interest except as you have disclosed to us in writing. You promise that you have made the downpayment shown in the Itemization of Amount Financed on Page 1 of this Contract and that you have not borrowed it.

**Title, Taxes, and Other Charges.** You agree to make sure that the title to the Vehicle shows our security interest. You also agree that we will be the only party with a security interest in the Vehicle and that our security interest will be the only security interest that appears on the title. You agree that you are, or will be, the registered owner of the Vehicle and that you will comply with all registration, licensing, tax, and title laws that apply to the Vehicle. You agree to pay when due all taxes, fees, repair bills, storage bills, fines, assessments, and other charges relating to the Vehicle. At our choice, we may pay any of these items to protect our interest in the Vehicle. If we do so and if allowed by law, you agree to repay us at our request.

**Default and Required Repayment in Full.** You will be in default if you fail to make any payment required by this Contract. You will also be in default if you break any other promise you have made in this Contract. If you default we may require that you pay all you owe on this Contract at once. All amounts owed following your default will continue to accrue finance charge or interest at the Annual Percentage Rate shown on Page 1 of this Contract or the highest rate allowed by law until paid in full.

**Other Remedies Upon Default.** Upon your default we may take (repossess) the Vehicle from you as long as we do so peacefully. All accessories, equipment or replacement parts will remain with the Vehicle following repossession.

**Getting the Vehicle and Property Back After Repossession.** If we repossess the Vehicle, you have the right to get it back until we sell it. This is your right to redeem. We will tell you what you need to do or how much you need to pay to redeem the Vehicle. If any personal property is in the Vehicle, we will store it for you. If you do not pick up your personal property, we will sell it if the law allows us to do so.

**Sale of the Repossessed Vehicle.** We will send you a written notice of sale before we sell the Vehicle. We will apply money from a sale to our expenses and then to amounts you owe under this Contract. Our expenses may include costs incurred by us in repossessing the Vehicle, holding and storing it, preparing it for sale, and selling it. If there is money left over, we will pay it to you unless we are required to pay it to someone else. If there is not enough money to pay all you owe, you will have to pay us the remaining balance.

**Collection Costs.** Following any notice required by law, you agree to pay our reasonable attorney fees, plus court costs, if we refer this Contract for collection or enforcement to an attorney who is not our salaried employee. The attorney fees will not exceed 15% of the amount owed under the Contract at the time we initiate legal action.

**Application of Payments and Partial Prepayments.** We may apply each payment to earned and unpaid finance charge and to other amounts you owe under this Contract in any order we choose. If you make a partial prepayment you must still continue to make your regular monthly payments as scheduled in this Contract.

**Delay in Enforcing Rights.** We will not lose any of our rights under this Contract if we delay or refrain from enforcing them. For example, we may extend the time for making some payments without extending others. Our acceptance of any late or partial payment does not excuse your late or partial payment or mean that you may continue to make late or partial payments.

**Communications.** You agree that we may monitor and record telephone calls regarding this Contract. You expressly consent that we may contact you (by calls, emails, text messages or other electronic messages) for any purpose related to this Contract by any means, including but not limited to the use of prerecorded/artificial voice messages or automatic telephone dialing devices. Your express consent applies to any email addresses or telephone numbers you provide to us in any manner and at any time, including emails addresses or cellular telephone numbers for which you may incur voice, data or other charges.

---

This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 2. By initialing below you represent that you have read and agree to all provisions on all pages.

Buyer's Initials _____     Co-Buyer's Initials _____

Other important agreements

## ARBITRATION PROVISION

This Arbitration Provision describes when and how a Claim (defined below) shall be arbitrated. Arbitration is a way of resolving disputes before one or more neutral persons, instead of having a trial in court before a judge and/or jury. **By signing this Contract, you and we agree to be bound by the terms of this Arbitration Provision.**

For purposes of this Arbitration Provision, references to "we," "us" and "our" mean the Seller, including its respective subsidiaries, affiliates, agents, employees and officers, or anyone to whom the Seller transfers its rights under the Contract.
**IF YOU OR WE CHOOSE ARBITRATION, THEN ARBITRATION SHALL BE MANDATORY, AND:**

- ANY CLAIM WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.
- DISCOVERY AND RIGHTS TO APPEAL ARE LIMITED BY THE ARBITRATION RULES OF THE ARBITRATION ADMINISTRATOR.
- YOU GIVE UP YOUR RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF A CLASS IN A CLASS ACTION ("CLASS ACTION WAIVER").
- OTHER RIGHTS THAT YOU OR WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

**a. What Claims are Covered.** A "Claim" is any claim, dispute or controversy between you and us that in any way arises from or relates to this consumer credit sale, the purchase you are financing by way of this Contract, the Vehicle and related goods and services that are the subject of the purchase and this Contract, or the collection or servicing of this Contract, including but not limited to:

- Initial claims, counterclaims, cross-claims and third-party claims;
- Disputes based on contract, tort, consumer rights, fraud and other intentional torts (at law or in equity, including any claim for injunctive or declaratory relief);
- Disputes based on constitutional grounds or on laws, regulations, ordinances or similar provisions; and
- Disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract, subject to paragraph (f) of this Arbitration Provision.

**b. Commencing Arbitration.** Either you or we may require any Claim to be arbitrated by first sending to the other party, by certified mail, a written notice of dispute ("Notice"). This Notice shall (1) describe the nature and basis of the Claim and (2) set forth the specific relief sought. If we do not reach an agreement to resolve the Claim within 30 days after the Notice is received, you or we may commence an arbitration proceeding.

Arbitration of a Claim must comply with this Arbitration Provision and the applicable rules and procedures of the arbitration Administrator. Arbitration is not mandatory for an individual Claim that you or we may choose to bring in small claims court or the state's equivalent court, if any. If that Claim is transferred, removed or appealed to a different court, you or we then may choose arbitration.

**c. Choosing the Administrator.** If you initiate the arbitration proceeding, you may choose either of the following arbitration Administrators: (1) American Arbitration Association                                                              The Administrator you choose will have rules that apply to the proceeding. Important information regarding the arbitration process and more complete information regarding arbitration procedures may be found at either Administrator's website. If the Administrator you choose is unable or unwilling or ceases to serve as the Administrator, you or we may choose the other Administrator. If both Administrators are unable or unwilling or cease to serve as the Administrator, you or we may choose another Administrator, subject to the other's approval. In all cases, any arbitrator must be a lawyer or a retired judge with at least 10 years of legal experience. If we initiate the arbitration proceeding, we will give you 20 days to choose the Administrator. If you do not choose the Administrator within that time, we will choose one for you. No matter which Administrator is chosen, you shall have the right to be represented by an attorney of your own choosing, subject to any limitations in the Administrator's rules.

**d. Choosing the Location.** Any arbitration hearing that you attend must take place at a location reasonably convenient to your residence.

**e. Paying for Arbitration.** Each Administrator charges fees to administer an arbitration proceeding. This may include fees not charged by a court. When you choose an Administrator, you should carefully review the fees charged by the Administrator. The fees and costs of any arbitration, including any initial filing fees, shall be paid in accordance with the rules and procedures of the Administrator. Each party must pay the expense of that party's attorneys, experts, and witnesses, regardless of which party prevails in the arbitration, unless applicable law or the Administrator's rules, procedures or standards provide otherwise.

**f. Class Action Waiver. You give up your right to participate in a class action. This means that you may not be a representative or member of any class of claimants or act as a private attorney general in court or in arbitration with respect to any Claim.** Further, unless both you and we agree otherwise, the arbitrator may not consolidate more than one person's Claim or Claims. Notwithstanding any other part of this Arbitration Provision, the validity and effect of the Class Action Waiver must be determined only by a court and not by an arbitrator. If a court limits or voids the Class Action Waiver, then this entire Arbitration Provision (except for this paragraph) will be null and void.

**g. Right to Discovery.** The parties shall have the right to discovery of non-privileged information and documents relevant to the Claim, subject to the rules and procedures of the Administrator.

**h. Arbitration Result and Right of Appeal.** Judgment upon the award given by the arbitrator may be entered in any court having jurisdiction. In response to a timely request from either party, the arbitrator must provide a brief written explanation of the basis for any award. The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act. Any party can appeal the award to a three-arbitrator panel administered by the Administrator, which must reconsider any aspect of the initial award requested by the appealing party. Reference in this Arbitration Provision to the "arbitrator" means the panel of arbitrators if an appeal of the arbitrator's decision has been taken. Subject to applicable law, costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal, unless applicable law or the Administrator's rules provide otherwise. However, we will consider any good faith, reasonable request for us to pay all or any part of those fees if you are the appealing party.

**i. Governing Law.** This Arbitration Provision is governed by the Federal Arbitration Act and not by any state arbitration law. The arbitrator must apply applicable statutes of limitations and claims of privilege recognized at law, and applicable substantive law consistent with the Federal Arbitration Act. The arbitrator is authorized to award all individual remedies permitted by the substantive law that would apply if the action were pending in court.

**j. Rules of Interpretation.** This Arbitration Provision survives the repayment of all amounts owed to us, the transfer of the Contract, and any bankruptcy by you, to the extent not inconsistent with applicable bankruptcy law. Except as provided in paragraph (f), if any part of this Arbitration Provision is determined to be invalid or unenforceable, this Arbitration Provision and the Contract will remain enforceable. In the event of a conflict or inconsistency between this Arbitration Provision and the applicable arbitration rules or the other provisions of this Contract or any other contract between you and us, this Arbitration Provision will govern.

---

**This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 3. By initialing below you represent that you have read and agree to all provisions on all pages.**

Buyer's Initials _____*Lyw*_____                                    Co-Buyer's Initials _____

## NO LIABILITY INSURANCE INCLUDED
LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

PROPERTY INSURANCE: YOU ARE REQUIRED TO OBTAIN AND MAINTAIN INSURANCE ON THE VEHICLE, ENDORSED TO PROTECT US AS LOSS-PAYEE. YOU MAY OBTAIN THE INSURANCE FROM ANY AGENT OR INSURANCE COMPANY YOU CHOOSE REASONABLY ACCEPTABLE TO US.

YOUR INSURANCE INFORMATION

LIENHOLDER/LOSS-PAYEE Santander Consumer USA        INSURED'S NAME LATONYA YVETTE WILLIAMS

PHYSICAL DAMAGE DEDUCTIBLES – COMPREHENSIVE $ 1,000.00        COLLISION $ 1,000.00

INSURANCE COMPANY GEICO

POLICY NUMBER _____        EFFECTIVE DATE 01/31/2025    EXPIRATION DATE 07/31/2025

INSURANCE AGENT NAME WEB        TELEPHONE NUMBER ____

You agree that you have or will obtain the required insurance coverage as shown above and you acknowledge that this is required by the Insurance Requirements section on Page 2 of this Contract.

### USED CAR BUYERS GUIDE

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

SPANISH TRANSLATION: GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHÍCULO FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICIÓN EN CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA.

The following notice applies only to purchases primarily for personal, family, or household purposes.

### NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

### 10-DAY MONEY BACK GUARANTEE
You may return the Vehicle to the Seller in the same condition (except for ordinary wear and tear) within 10 calendar days of your purchase.

### ENTIRE AGREEMENT
This Contract contains the entire agreement between you and us relating to this Contract. We may agree to extend or defer a payment and provide you written confirmation. Any other change to this Contract must be in a writing signed by us. No oral modifications to this Contract are binding.

### ELECTRONIC DISCLOSURE

☒ If checked, you agree to use electronic records and electronic signatures to document this Contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this Contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper. If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local laws and regulations.

This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 4. By signing below you represent that you have read and agree to all provisions on all pages, including the Arbitration Provision on Page 3 of this Contract. You are also confirming that you have received a completely filled-in copy of this Contract and any optional GAP Waiver Agreement, each of which has been signed by the Seller.

Seller CarMax Auto Superstores, Inc.        Buyer's Signature LATONYA YVETTE WILLIAMS

By Dylan Pielack        Co-Buyer's Signature ____

### ASSIGNMENT

Seller hereby sells, assigns and transfers to Santander Consumer USA        (Assignee) this Contract, all obligations of Buyer and Co-Buyer hereunder, all rights, powers, and privileges herein given to Seller, and all right, title, and interest of Seller in and to the property securing this Contract. If on the date of this assignment there is in effect a Dealer Agreement between Seller and Assignee pertaining to the sale of contracts to Assignee by Seller, the sale and assignment of this Contract to Assignee is made subject to all the terms and conditions of that Dealer Agreement.

Seller/Assignor Dylan Pielack

Date 01/31/2025        Title CarMax Associate

EXHIBIT
A

## STATE OF NORTH CAROLINA

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| WBA3B5C56ENS10961 | 2014 | BMW | 4S |

TITLE NUMBER

TITLE ISSUE DATE
01/22/2026

PREVIOUS TITLE NUMBER

**ODOMETER READING**
080406

**ODOMETER STATUS**

**TITLE BRANDS**

MAIL TO

ADESA CHARLOTTE
11600 FRUEHAUF DRIVE
CHARLOTTE NC 28273-

OWNER(S) NAME AND ADDRESS

LATONYA YVETTE WILLIAMS
2925 PARKWEST DR
ALBEMARLE NC 28001-8220

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:       DATE OF LIEN   02/28/2025
SANTANDER  CONSUMER USA
PO BOX 961288
FORT WORTH TX 76161-0288

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____   DATE _____

SECOND LIENHOLDER:       DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____   DATE _____

THIRD LIENHOLDER:       DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____   DATE _____

FOURTH LIENHOLDER       DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____   DATE _____

ADDITIONAL LIENS:

## ANY ALTERATIONS OR ERASURES VOID TITLE

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
-------------------------------------------------------- x
In re:                                   :
                                         :        Chapter 13
LATONYA YVETTE WILLIAMS,                  :
                                         :        Case No.: 26-30123
                        Debtor.           :
                                         :
-------------------------------------------------------- x
```

**ORDER GRANTING MOTION
FOR RELIEF FROM AUTOMATIC STAY**

Upon consideration of Santander Bank, N.A., as servicer for Santander Consumer USA Inc.'s Motion for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and after due deliberation thereon; and good cause having been shown and found; it is, by the United States Bankruptcy Court for the Western District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit Santander Bank, N.A., as servicer for Santander Consumer USA Inc. to exercise its rights and

remedies under applicable non-bankruptcy law under the Retail Installment Contract executed by Debtor in favor of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. in the principal amount of $24,152.27 for the financed purchase of one (1) 2014 BMW 3 SERIES, VIN No. WBA3B5G56ENS10941 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Santander Bank, N.A., as servicer for Santander Consumer USA Inc., including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Santander Bank, N.A., as servicer for Santander Consumer USA Inc. must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT